IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CHELSI MILLER, DANIEL MARTY, and CHRISTIE COTTON on behalf of themselves and all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CORINTHIAN COLLEGES, INC., and DOES 1 through 20, inclusive,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER OVERRULING PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER<br><br><br><br>Case No. 2:10-CV-999 TS |

This matter is before the Court on Plaintiffs' Objection to Magistrate Judge's Order on Emergency Motion for Protective Order. For the reasons discussed below, the Objection will be overruled.

I. BACKGROUND

Plaintiffs, former students at Everest College, brought this action against Defendant on behalf of themselves and others similarly situated alleging four causes of action under the Utah Consumer Sales Practices Act ("UCSPA"), as well as claims for fraudulent misrepresentation,

1

negligent misrepresentation, and declaratory judgment.[1] Defendant sought an order compelling Plaintiffs to submit their claims to arbitration before the American Arbitration Association ("AAA") and to stay this matter pending arbitration, in accordance with the enrollment agreements signed by each Plaintiff.[2]

As part of their opposition to Defendant's Motion to Compel Arbitration, Plaintiffs submitted certain documents (the "Ignition Documents") that are the subject of the Magistrate Judge's Order. In response to Plaintiffs' submission, Defendant filed an Emergency Motion for Protective Order (the "Emergency Motion").[3] The Emergency Motion was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A).[4]

The Magistrate Judge heard argument on the Emergency Motion on February 10, 2011.[5] At that hearing, the Magistrate Judge granted the Emergency Motion.[6] The Magistrate Judge found the Ignition Documents constituted trade secrets and ordered them sealed during the pendency of this litigation.[7] Additionally, the Magistrate Judge ordered that counsel could not

---

[1] Docket No. 2, Ex. A.

[2] Docket No. 6.

[3] Docket No. 25.

[4] Docket Nos. 28 & 29.

[5] Docket No. 49.

[6] *Id*. at 29.

[7] *Id*.

further disseminate the Ignition Documents.[8] A written order followed.[9] That Order provided that: (1) the Ignition Documents were to be sealed until otherwise ordered by the Court; (2) copies of the Ignition Documents being maintained in the Clerk's office were to be sealed; (3) Plaintiffs and their counsel were allowed to use the Ignition Documents for the purposes of this litigation only; and (4) Plaintiffs and their counsel were prohibited from making any dissemination of the Ignition Documents.[10]

Plaintiffs have now filed an Objection to the Magistrate Judge's Order.

## II. DISCUSSION

The first issue that must be decided in this matter is the proper standard of review to apply. Plaintiffs argue that the Magistrate Judge exceeded his authority under 28 U.S.C. § 636(b)(1)(A) and, therefore, the Court should apply a *de novo* standard of review.

28 U.S.C. § 636(b)(1)(A) and Fed.R.Civ.P. 72(a) allow a Magistrate Judge to consider nondispositive pretrial matters. 28 U.S.C. § 636(b)(1)(A) lists eight matters that are dispositive as a matter of law and are not within the authority of the Magistrate Judge under that provision. Among the eight categories of matters that cannot be considered by a Magistrate Judge under 28 U.S.C. § 636(b)(1)(A) are motions for injunctive relief.

Plaintiffs argue that the Magistrate Judge's Order provides for injunctive relief and, therefore, the Magistrate Judge exceed his authority and *de novo* review should be applied.

---

[8]*Id*.

[9]Docket No. 46.

[10]*Id*.

Specifically, Plaintiffs argue that by restricting Plaintiffs' and their counsel's use of the Ignition Documents to this litigation and prohibiting the dissemination of the Ignition Documents by Plaintiffs and their counsel, the Magistrate Judge acted beyond the scope of the referral.

The Court finds that the Magistrate Judge acted within his authority. As both parties recognize, courts distinguish between express injunctions and orders that merely have the practical effect of some injunctive relief. The Supreme Court has held that "[a]n order by a federal court that relates only to the conduct or progress of litigation before that court ordinarily is not considered an injunction."[11] The Magistrate Judge's Order here merely regulates the parties conduct. As a result, the Order is not an injunction and the Magistrate Judge acted within his authority. Therefore, the Court finds that the Order concerns a non-dispositive pretrial matter.

For non-dispositive pretrial matters, this Court reviews the Magistrate Judge's orders under a "clearly erroneous or contrary to law" standard of review.[12] Under the clearly erroneous standard, this court will affirm the Magistrate Judge's ruling "unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[13]

Having reviewed the Magistrate Judge's Order and Plaintiffs' Objection thereto, the Court is not left with the definite and firm conviction that a mistake has been committed. Therefore, Plaintiffs' Objection will be overruled.

---

[11] *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 279 (1988).

[12] 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a).

[13] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

## III. CONCLUSION

It is therefore

ORDERED that Plaintiffs' Objection to Magistrate Judge's Order (Docket No. 47) is OVERRULED.

DATED   May 5, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge